UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDGAR LEE SMITH,

               Plaintiff,

v.                                 Case No: 5:18-cv-545-Oc-60PRL

CENTURION OF FLORIDA, LLC[1]
and VIRGINIA MESA,

               Defendants.

---

## **ORDER**

### I.    **Status**

Plaintiff, an inmate of the Florida penal system, is proceeding on a pro se Third Amended Civil Rights Complaint (Doc. 36) against Dr. Virginia Mesa and Centurion of Florida, LLC. Before the Court is Defendants Centurion of Florida, LLC and Dr. Virginia Mesa's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 49). The Court advised Plaintiff that the granting of a motion to dismiss would represent an adjudication of this case which may foreclose subsequent litigation on the matter and provided Plaintiff with an opportunity to respond to the Motion. See Order (Doc. 37). Plaintiff filed a Response (Doc. 50). The Motion is ripe for review.

---

[1] Defendant Centurion advises that the proper party is Centurion of Florida, LLC rather than Centurion Healthcare, Inc. (which is what Plaintiff listed in the Third Amended Complaint). See Doc. 45 at 1 n.1. The **Clerk** shall update the docket accordingly.

## II.    Plaintiff's Third Amended Complaint

According to Plaintiff, he was 100% disabled prior to entering the Florida Department of Corrections. The medical issues which resulted in his disability are: "Lumbocyatie [sic], which causes severe nerve damage to Plaintiff's lower back, where relative to his lower back issue, Plaintiff had, prior to his admission to the Department of Corrections, deteriorated discs in his back, numbered discs 3, 4, and 5"; and "E.E.D., . . . which has been explained to Plaintiff as a significant medical issue, specifically, explained as concerning tumor like growths located on the bottom of each foot that cause severe pain" and "results in the swelling of Plaintiff's feet and legs, severe pain in Plaintiff's joints and bones, blindness and potentially, death."

Plaintiff arrived at Lake Correctional Institution on August 6, 2018, and he was seen by Defendant Mesa about 3 or 4 times concerning his medical issues. During each visit, Plaintiff "complained of severe pain throughout his lower extremities, beginning at the bottom of each foot." He "also complained [about] the degenerative disc disease he had and the additional pain resulting from it." Plaintiff advised Defendant Mesa of the recommendations and orders from his two prior doctors, which included "medication for the tumor like growths on the bottom of Plaintiff's feet and soft shoes." However, she "told the Plaintiff that there was nothing she could do about it." Plaintiff also arrived at Lake Correctional Institution with "a low bunk pass, a cane pass, a back brace pass, and a no prolong[ed] standing pass," but Defendant Mesa "discontinued" those passes

claiming "they were unnecessary." Despite Plaintiff's "consistent pleas of experiencing pain, and despite the tumor like growths on the bottom of [his] feet becoming larger," Defendant Mesa failed to treat Plaintiff and mocked him by "making child-like sounds." After several weeks, Defendant Mesa provided Plaintiff with a low bunk pass. Plaintiff claims that Defendant Mesa's failure to "ensure that the recommendations and orders by doctors States and Molina-Martinez were followed" and her "failure to treat" Plaintiff's conditions despite knowing of their seriousness violated his constitutional rights.

As to Centurion, Plaintiff asserts that its "liability is demonstrated by its refusal to ensure that Plaintiff's prescribed treatment, i.e., medication and shoes for his medical issue, were given to him for treatment purposes." Plaintiff claims that Centurion "exhibits a pattern by directing its employees to save money by not ordering/purchasing certain medications and medical aids," and that he was "denied his medications and shoes based on this policy."

Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection. As relief, Plaintiff seeks $25,000,000 and a declaratory judgment requiring Centurion to change its policy.

### III.    Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)); <u>Bilal v. Geo Care, LLC</u>, No. 16-11722, 2020 WL 6864637, at *4 (11th Cir. Nov. 23, 2020) ("[O]n a Rule 12(b)(6) motion, we accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." (internal quotations and citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. <u>Id.</u> (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). The Court liberally construes the pro se Plaintiff's allegations. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011).

## IV.  Analysis

Defendants argue that Plaintiff has failed to state a claim under either the Eighth or Fourteenth Amendments, and that Defendant Mesa is entitled to qualified immunity. In response, Plaintiff asserts that he "does not have the means necessary to address the 'overwhelming' motion at hand," and he requests that the Court "use its inherent ability" to make a "just" ruling.

A.  Eighth Amendment Claims

"To set out a claim for deliberate indifference to medical need, [the plaintiff] must make three showings: (1) he had a serious medical need; (2) the [defendant] w[as] deliberately indifferent to that need; and (3) the [defendant's] deliberate indifference and [the plaintiff's] injury were causally related. Hinson v. Bias, 927 F.3d 1103, 1121 (11th Cir. 2019); see Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017) ("To prevail on [a] § 1983 claim for inadequate medical treatment, [the plaintiff] must show (1) a serious medical need; (2) the health care providers' deliberate indifference to that need; and (3) causation between the health care providers' indifference and [the plaintiff's] injury.").

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quotations and citation omitted); see Patel v. Lanier Cnty. Ga., 969 F.3d 1173, 1188 (11th Cir. 2020).

Deliberate indifference to a serious medical need requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel, 969 F.3d at 1188-89 & n.10

(recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum

standard for culpability under the deliberate-indifference standard," as some cases

have used "more than gross negligence" while others have used "more than mere

negligence"; finding, however, that it may be "a distinction without a difference"

because "no matter how serious the negligence, conduct that can't fairly be

characterized as reckless won't meet the Supreme Court's standard" (citations

omitted)). "Subjective knowledge of the risk requires that the defendant be 'aware of

facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference.'" Dang, 871 F.3d at 1280 (quoting

Caldwell v. Warden, FCI Talladega, 784 F.3d 1090, 1099-1100 (11th Cir. 2014)).

> An official disregards a serious risk by more than mere
> negligence "when he [or she] knows that an inmate is in
> serious need of medical care, but he [or she] fails or
> refuses to obtain medical treatment for the inmate."
> Lancaster v. Monroe Cnty., Ala., 116 F.3d 1419, 1425
> (11th Cir. 1997), overruled on other grounds by LeFrere
> v. Quezada, 588 F.3d 1317, 1318 (11th Cir. 2009). Even
> when medical care is ultimately provided, a prison
> official may nonetheless act with deliberate indifference
> by delaying the treatment of serious medical needs. See
> Harris v. Coweta Cnty., 21 F.3d 388, 393-94 (11th Cir.
> 1994) (citing Brown v. Hughes, 894 F.2d 1533, 1537-39
> (11th Cir. 1990)).[2] Further, "medical care which is so
> cursory as to amount to no treatment at all may amount
> to deliberate indifference." Mandel v. Doe, 888 F.2d 783,
> 789 (11th Cir. 1989) (citations omitted). However,

---

[2] "Even where medical care is ultimately provided, a prison official may nonetheless act with
deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours,
though the reason for the delay and the nature of the medical need is relevant in determining what
type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.
1999) (citation omitted). However, "[i]t is also true that when a prison inmate has received medical
care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030,
1035 (11th Cir. 1989) (citing Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985)); see
Boone v. Gaxiola, 665 F. App'x 772, 774 (11th Cir. 2016).

> medical treatment violates the Constitution only when it
> is "so grossly incompetent, inadequate, or excessive as to
> shock the conscience or to be intolerable to fundamental
> fairness." Rogers v. Evans, 792 F.2d 1052, 1058 (11th
> Cir. 1986) (citation omitted).

Dang, 871 F.3d at 1280 (some internal citations modified). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" Id. (quoting Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008)).

The gravamen of Plaintiff's claim against Defendant Mesa is that Mesa failed to follow the course of treatment previously recommended by two other doctors[3] and she discontinued his medical passes because she found them to be "unnecessary." A simple difference in medical opinions, however, does not rise to the level of deliberate indifference. See Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." (quoting Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)); see also Melton v. Abston, 841 F.3d 1207, 1224 (11th Cir. 2016) ("'[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference." (quoting Harris v.

---

[3] Plaintiff does not indicate when these prior recommendations occurred.

Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)). While Plaintiff may have desired a different course of treatment, he acknowledges that he saw Defendant Mesa on 3 or 4 occasions, and Defendant Mesa eventually issued him a low bunk pass.[4] A doctor's "medical decision not to pursue a particular course of diagnosis or treatment is a classic example of a matter for medical judgment, an exercise of which does not represent cruel and unusual punishment." Boone v. Gaxiola, 665 F. App'x 772, 774 (11th Cir. 2016). Although prisoners are entitled to medical care, "the Eighth Amendment doesn't require it to be perfect, the best obtainable, or even very good." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (internal quotations and citation omitted). Even liberally construing Plaintiff's allegations, the Court finds that Plaintiff has failed to state a plausible Eighth Amendment deliberate indifference claim against Defendant Mesa.[5]

Insofar as Plaintiff is attempting to raise a claim that Defendant Mesa was rude or unprofessional when she "mocked" him, threatening, demeaning, or abusive comments do not rise to the level of a constitutional violation. See, e.g., Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[A]llegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (recognizing that "mere threatening language and gestures of a custodial office do

---

[4] Plaintiff does not allege that any delay in receiving this pass worsened his medical conditions.

[5] Given this finding, the Court need not address Defendant Mesa's assertion that she is entitled to qualified immunity.

not, even if true, amount to constitutional violations"); Barfield v. Hetzel, No. 2:11-cv-1114-WHA, 2015 WL 758490, at *4 (M.D. Ala. Feb. 23, 2015) (unpublished) ("Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." (collecting cases)). Therefore, any such claim based on unprofessional conduct is due to be dismissed.

As to the claims against Centurion, private entities like Centurion cannot be held liable under § 1983 on the basis of supervisory liability. See generally Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); Ross v. Corizon Med. Servs., 700 F. App'x 914, 917 (11th Cir. 2017) (recognizing this rule has been extended to private entities like Centurion). Rather, to state a claim against Centurion, Plaintiff must show that (1) his constitutional rights were violated; (2) the private entity "had a custom or policy that constituted deliberate indifference to that constitutional right"; and (3) "the policy or custom caused the violation." Denham v. Corizon Health, Inc., 675 F. App'x 935, 941 (11th Cir. 2017) (quotations and citation omitted); see also Smith v. Salter, 794 F. App'x 817, 821 (11th Cir. 2019) ("To prevail on a § 1983 claim against a company that has contracted to provide medical care to prisoners, [a plaintiff] must establish that his injury was the result of a policy or custom.").

Plaintiff fails to state a plausible claim against Centurion. First, even if Plaintiff had stated a plausible claim against Defendant Mesa, Centurion cannot be held liable simply because it is Mesa's employer. Second, Plaintiff's conclusory assertions of a policy to save money are not supported by factual allegations. Regardless, Plaintiff has failed to allege facts showing either a policy to deny or delay medical care to inmates or a practice or custom of denying or delaying adequate medical care, much less that the practice was so widespread that Centurion had notice of violations and made a "conscious choice" to disregard them. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Simply put, Plaintiff's allegations against Centurion are wholly conclusory and fail to state a claim.

B.  Fourteenth Amendment Equal Protection Claims

"To establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). While Plaintiff cites to the Fourteenth Amendment Equal Protection Clause, he fails to provide any factual allegations to support such a claim. Thus, his equal protection claims will be dismissed.

Accordingly, it is

**ORDERED:**

1.     Defendants Centurion of Florida, LLC and Dr. Virginia Mesa's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 49) is **GRANTED**.

2.     The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

JAX-3 12/1
c:
Edgar Lee Smith, #092135
Counsel of Record